Filed 6/13/23 In re F.S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re F.S. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent, v. N.S., Defendant and Appellant. | E080084 (Super.Ct.No. SWJ2100211) OPINION |

APPEAL from the Superior Court of Riverside County. Edward Forstenzer, Judge. (Retired judge of the Mono Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beechman, and Larisa R-McKenna, Deputy County Counsel, for Plaintiff and Respondent.

N.S. (father) appeals from the juvenile court's dispositional findings and orders concerning his infant daughter, Willa S. The court bypassed reunification services for father under Welfare and Institutions Code section 361.5, subdivision (b)(10) (unlabeled statutory references are to this code). Father does not challenge the court's decision to bypass reunification services but instead contends that the court erred by failing to consider ordering enhancement services. We disagree and affirm.

## BACKGROUND

Father and J.C. (mother) (collectively, parents) have three daughters together—F.S. (born 2017), N.S. (born 2020), and Willa (born 2022). When Willa was born, parents were involved in dependency proceedings concerning Willa's older sisters. Mother and Willa's older sisters are not parties to this appeal.

In May 2021, the Riverside County Department of Public Social Services (the Department) filed a petition under subdivision (b)(1) of section 300, alleging that F.S. and N.S. were at substantial risk of serious physical harm or illness because of (1) domestic violence between father, father's girlfriend, and mother, (2) father's criminal history and history of domestic violence, (3) father's mental health issues, and (4) mother's failure to remove the girls from father's home to protect them from the domestic violence. When the most recent domestic violence incident occurred between father and his girlfriend, both of them were living with mother, parents' children, and several paternal relatives.

The juvenile court detained F.S. and N.S. At the jurisdiction and disposition hearing, the court sustained most of the allegations in an amended petition, including a new allegation concerning father's drug abuse, because he had tested positive for methamphetamine. The court removed F.S. and N.S. from parents' custody and ordered reunification services for both parents. The court ordered continued reunification services for both parents at a contested six-month status review hearing in April 2022.

In the 12-month status review report filed in June 2022, the social worker reported that mother was living in a shelter and had a job. Mother had disclosed that she was no longer in a relationship with father. Mother was pregnant with father's child. The Department recommended that both parents continue to receive reunification services.

Willa was born in early August 2022. About two weeks later, the juvenile court issued a protective custody warrant to remove Willa from father's care and custody. The Department filed a petition under subdivision (b)(1) of section 300, alleging that Willa was at substantial risk of serious physical harm or illness because of father's mental illness and substance abuse, as well as his criminal history and both parents' involvement in the ongoing dependency case with F.S. and N.S. based on domestic violence. In a detention report filed the same day, the Department recommended that the court detain Willa from father but allow Willa to remain in mother's custody. The court adopted the Department's recommendations, detained Willa from father, and allowed Willa to remain in mother's care and custody. The court ordered in-person supervised visits for father at least twice per week.

In late August 2022, the Department filed an addendum report for the 12-month status review hearing for F.S. and N.S. As to mother, the Department recommended that F.S. and N.S. be returned to her care and custody with family maintenance services. As to father, the Department recommended that the court terminate reunification services. The Department reported that father had completed several of his case plan services, including counseling and classes in parenting, anger management, and domestic violence. Father denied using methamphetamine despite his positive test, which he claimed was caused by Sudafed. Father avoided submitting to drug tests (both urine and hair follicle) and refused to be evaluated for a substance abuse program. Father reported that he was taking medication that had been prescribed by a doctor at a psychiatric hospital, but the hospital informed the social worker that there was no record of father's having been treated there. Father also missed several visits with F.S. and N.S. between June and August 2022.

At the contested 12-month review hearing for F.S. and N.S. on September 1, 2022, the juvenile court found that father had made "minimal efforts toward alleviating or mitigating causes which necessitated placement" and had "failed to participate regularly and to make substantive progress in his court-ordered treatment plan." The court further found that there was "no substantial probability of return [to father] if given another six months of services," and the court accordingly terminated father's reunification services. But the court found that mother had made substantial progress toward alleviating or

4

mitigating the causes that necessitated placement, and the court placed F.S. and N.S. in mother's custody with family maintenance services.

About one week later, the Department filed its jurisdiction and disposition report as to Willa. The Department recommended that Willa remain in mother's care and custody, mother receive family maintenance services, and father receive reunification services.

The Department filed an amended petition as to Willa, alleging that the domestic violence found in the proceeding involving F.S. and N.S. had been between father and his girlfriend, not between father and mother. In October 2022, the Department filed an addendum report for the jurisdiction and disposition hearing as to Willa. The Department's recommendation as to mother and Willa's placement remained the same. The Department indicated that father's reunification services as to F.S. and N.S. had recently been terminated, and the Department recommended bypassing reunification services for father under subdivision (b)(10) of section 361.5.

In October 2022, the court held a contested jurisdiction and disposition hearing as to Willa. The court read, considered, and admitted the jurisdiction and disposition report filed in September 2022 and the addendum report filed in October 2022. The Department argued that the court should deny reunification services to father because reunification services had recently been terminated as to F.S. and N.S. The Department also noted that father had a long criminal history for domestic violence and substance abuse, had not

5

taken ordered drug tests, and had checked himself out of a drug treatment facility after two days.

Father's counsel had "no objection to the Department's evidence" and did not present any "affirmative evidence." Father's counsel asked the court to grant father reunification services, noting that father had recently been admitted into an inpatient program but "left that due to some mental health concerns." Father's counsel indicated that father had "immediately enrolled in an outpatient program" that father would be reporting to soon. In the event that the court denied reunification services, father's counsel asked the court to allow father to have twice weekly supervised visits with Willa to allow father to "continue to bond with Willa." Counsel indicated that father intended to file a section 388 petition "in the future once he has completed the balance of the services that he needs to do for his case plan."

The court adopted the recommended findings and orders contained in the October 2022 addendum report, sustained the allegations in the amended petition, adjudged Willa a dependent of the court, placed Willa in mother's custody with family maintenance services, and bypassed reunification services for father under subdivision (b)(10) of section 361.5, finding by clear and convincing evidence that it was not in Willa's best interest to provide father with such services.

## DISCUSSION

Father sole argument is that the trial court erred by failing to consider offering him enhancement services, because the court "did not discuss this possibility at disposition."

He contends that we should reverse and remand for a new disposition hearing because the court "appeared to be unaware of its authority to grant father enhancement services." The argument lacks merit.[1]

When the juvenile court's dispositional order leaves a child in the custody of one parent, the court may in its discretion order enhancement services for the noncustodial parent. (*In re C.S.* (2022) 80 Cal.App.5th 631, 637.) Enhancement services are "'child welfare services offered to the parent not retaining custody, designed to enhance the child's relationship with that parent.'" (*In re Destiny D.* (2017) 15 Cal.App.5th 197, 212; § 362, subd. (a) ["If a child is adjudged a dependent child of the court on the ground that the child is a person described by Section 300, the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child"].)

The Department argues that father forfeited his argument concerning enhancement services by failing to request them in the juvenile court. We agree. "A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221.) At the jurisdiction and disposition hearing, father did not ask the juvenile court to consider

---

**1**    We agree with the parties that father was ineligible for reunification services, because Willa was not placed in out-of-home care or with a previously noncustodial parent. (§ 16507, subd. (b).) It was therefore unnecessary and arguably erroneous for the court to bypass father under subdivision (b)(10) of section 361.5. But the order denying reunification services to father was correct, and we review the juvenile court's ruling, not its reasoning. (*In re Daniel B.* (2014) 231 Cal.App.4th 663, 675, fn. 4.)

offering him any enhancement services. We consequently consider the argument forfeited. (*Ibid.*)

In any event, father has failed to carry his burden on appeal of demonstrating error. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["juvenile court's judgment is presumed to be correct, and it is [the] appellant's burden to affirmatively show error"].) Father cites no authority for the proposition that the juvenile court was required to consider ordering discretionary enhancement services. (See *Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 ["Every argument presented by an appellant must be supported by both coherent argument and pertinent legal authority"].) We are aware of none. Father therefore has failed to demonstrate that the juvenile court erred.

Moreover, father has not shown a reasonable probability that the juvenile court would have ordered enhancement services if the court had considered the issue. (*In re Celine R.* (2003) 31 Cal.4th 45, 60 [error warrants "reversal only if the reviewing court finds it reasonably probable the result would have been more favorable to the appealing party but for the error"].) Given the findings that the court made in terminating father's reunification services as to F.S. and N.S., and given the additional findings that the court made in (superfluously) bypassing father for reunification services as to Willa—including the finding by clear and convincing evidence that it was not in Willa's best interest to provide father with reunification services—we see no reasonable probability that the court would have ordered enhancement services if it had considered them. Consequently, any error in failing to consider enhancement services was harmless.

DISPOSITION

The October 27, 2022, dispositional order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER

Acting P. J.

CODRINGTON

J.